UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : |
| | : |
| JONATHAN DANIEL POLLOCK | :   CASE NO. 21-CR-447 (CJN) |
| JOSEPH DANIEL HUTCHINSON, III, and | : |
| OLIVIA MICHELE POLLOCK, | : |
| | : |
| | : |
| Defendants. | |

OPPOSITION TO MOTION IN LIMINE
TO EXCLUDE VIDEO EVIDENCE

Jonathan Pollock moves to preclude the government from showing videos that "do not depict Mr. Pollock and do not reflect that Mr. Pollock was within viewing distance of the events contained in the videos." ECF No. 352 at 1 (the "Motion").[1] He specifically seeks to exclude a "Capitol Police Montage" of the attack on the Capitol on January 6, 2021, and an "Official Proceeding Montage" of the joint session of Congress that was disrupted that day. *Id.* at 1-2. These videos are neither irrelevant nor unfairly prejudicial, and should the government offer them, ought to be admitted into evidence.

I. **The "Capitol Police Montage" and the "Official Proceeding Montage" are Relevant to the Charges Against the Defendants.**

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401. "The general rule is that relevant evidence is admissible," *United States v. Foster*, 986 F.2d 541, 545 (D.C. Cir. 1993), which is a "liberal" standard, *United States v. Moore*, No. 18-CR-198 (JEB), 2022 WL 715238, at *2 (D.D.C. Mar. 10, 2022). "In a criminal case, a fact is 'of

---

[1] Olivia Pollock has moved to join and adopt this motion. ECF No. 354.

1

consequence' if it makes it more or less likely that the defendant committed the charged conduct." *United States v. Hazelwood*, 979 F.3d 398, 409 (6th Cir. 2020) (quoting Fed. R. Evid. 401); *see also United States v. Davis*, 636 F.3d 1281, 1298 (10th Cir. 2011) ("Relevant evidence tends to make a necessary element of an offense more or less probable."). However, courts do not need to require "that each piece of evidence directly prove or disprove an element of the offense," so long as the evidence is "a step on one evidentiary route to the ultimate fact." *Id.* (quoting *Old Chief v. United States*, 519 U.S. 172, 179 (1997)) (internal quotation marks omitted).

Videos depicting the events of January 6, 2021 – whether the conduct of other rioters, the disruption of the joint session of Congress, or other events inside the Capitol building – are directly relevant to the offenses with which the defendants are charged. For instance, the defendants are each charged with violating 18 U.S.C. § 231(a)(3), obstructing, impeding, or interfering with law enforcement officers during a civil disorder. ECF No. 302 (Counts One, Thirteen, and Fifteen). To prove this violation, the government must show, among other things, that that the attack on the Capitol (1) was a "public disturbance involving acts of violence by assemblages of three or more persons, which cause[d] an immediate danger of or result[ed] in damage or injury to the property of another," 18 U.S.C. § 232(1) and (2) "obstruct[ed], delay[ed], or adversely affect[ed] commerce . . . or [the] performance of any federally protected function," 18 U.S.C. § 231(a)(3). These elements intrinsically broaden the scope of relevant evidence beyond the individual defendant's conduct to the conduct of the civil disorder's other participants and those affected by the civil disorder. The "Capitol Police" and "Official Proceeding" montages that Mr. Pollock seeks to exclude will show that a civil disorder occurred, and that it interfered with a federally protected function.

Similarly, the defendants are charged with violations of 18 U.S.C. § 1752(a)(2). ECF No. 302 (Counts Twenty and Twenty-One). These counts require the government to prove that each defendant engaged in "disorderly and disruptive conduct" that did "in fact, impede[] or disrupt[] the orderly conduct of Government business or official functions." 18 U.S.C. § 1752(a)(2). The same "Capitol Police" and "Official Proceeding" videos will show that the defendants' conduct, along with that of other rioters, disrupted the election's certification.

Finally, in addition to Counts Twenty and Twenty-One, the defendants are each charged with other violations of Section 1752, which require the government to prove that they engaged in certain conduct within or in proximity to a restricted area "where [a] person protected by the Secret Service is or will be temporarily visiting." 18 U.S.C. § 1752(c)(1)(B); ECF No. 302 (Counts Eighteen, Nineteen, Twenty, Twenty-One, Twenty-Two, Twenty-Three). Thus, the government may introduce video showing that the Vice President and members of his family – Secret Service protectees – were, indeed, visiting the Capitol on January 6, 2021 and were relocated in response to rioters' breach of the restricted perimeter and the Capitol building. None of the defendants are depicted in these videos, but as explained above, this footage is highly relevant to the charges against the defendants under Rule 401.

**II.    The Relevance of the "Capitol Police Montage" and the "Official Proceeding Montage" is not Substantially Outweighed by the Risk of Unfair Prejudice.**

A court may exclude relevant evidence if its probative value is "substantially outweighed' by the risk of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. While most relevant evidence is prejudicial, the rule excludes only evidence that is *unduly* prejudicial. *United States v. Cassell*, 292 F.3d 788, 796 (D.C. Cir. 2002), *citing Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 618 (5th Cir.1977) ("'[U]nfair prejudice' as used in Rule 403 is not to be equated with testimony

3

simply adverse to the opposing party. Virtually all evidence is prejudicial or it isn't material. The prejudice must be 'unfair.'"). "The gravamen of unfair prejudice is an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Orenuga*, 430 F.3d 1158, 1165 (D.C. Cir. 2005) (citing *Old Chief*, 519 U.S. at 180) (internal quotations omitted). As a preliminary matter, should the parties proceed with a bench trial, for which Mr. Pollock and Ms. Pollock have expressed their preference, concerns regarding unfair prejudice are significantly mitigated. "In a bench trial, the portion of the rule concerning unfair prejudice has a highly limited application, if any at all." *Paleteria La Michoacana, Inc. v. Productos Lacteos Tocumbo S.A. De C.V.*, 11-CV-1623 (RC), 2015 WL 13680822, at *1 (D.D.C. June 12, 2015) (citing *Schultz v. Butcher*, 24 F.3d 626, 632 (4th Cir. 1994); *Gulf States Utils. Co. v. Ecodyne Corp.*, 635 F.2d 517, 519 (5th Cir. Unit A Jan. 1981)). *See also United States ex rel. Morsell v. NortonLifeLock, Inc.*, 567 F. Supp. 3d 248, 258 (D.D.C. 2021) (the risk of prejudice under Federal Rule of Evidence 403 "has a highly limited application, if any at all, to bench trials.").

But even if this case proceeds as a jury trial, the videos at issue would not be overly prejudicial. This exact issue was addressed in *United States v. Crawford*, when Chief Judge Boasberg admitted both videos over the objection of the defendant. 23-CR-426 (JEB), 2024 WL 1908799, at *1 (D.D.C. May 1, 2024). As he explained, "the weighty probative value of evidence that broadly depicts what happened on January 6 — including congressional proceedings that day — outweighs any potential prejudice." *Id.* at *5. More generally, in *United States v. Gillespie*, then-Chief Judge Howell denied a defendant's motion to exclude "'general evidence' of the events on January 6, 2021, including testimony, videos, photos, or other exhibits from sites at and around the U.S. Capitol where defendant was not located." 22-CR-60 (BAH), Memorandum & Order,

4

ECF No. 43 (D.D.C. Nov. 30, 2022). *See also United States v. Griffith*, 21-CR-244-2 (CKK), 2023 WL 2043223, at *2–3 (D.D.C. Feb. 16, 2023) (denying defendant's motion "to exclude 'all conduct by others other than defendant,'" pursuant to Rules 401, 402, and 403 because "the collective nature of the mob likens these cases to those involving criminal conspiracies where individuals work in concert to achieve a collective goal"); *United States v. MacAndrew*, 21-CR-730 (CKK), 2022 WL 17961247, at *3 (D.D.C. Dec. 27, 2022) (similar); *United States v. Carpenter*, 21-CR-305 (JEB), 2023 WL 1860978, at *3–4 (D.D.C. Feb. 9, 2023) (similar); *United States v. Stedman*, 21-CR-383 (BAH), 2023 WL 3303818, at *2 (D.D.C. May 8, 2023) (similar). Contrary to Mr. Pollock's assertions, these videos will not invite "collective punishment" or evasion of the requirement that each defendant be judged as an individual. If that is truly the defendants' concern, a legal instruction will be sufficient to remind the fact finder of the permissible uses of this evidence.

* * *

The "Capitol Riot" and "Official Proceeding" montages are important—and concise—means to prove elements of many of the crimes the defendants committed. They and other videos not directly depicting the defendants are relevant under Federal Rule of Evidence 401, and not overly prejudicial under Rule 403. So that the government can present its case efficiently, the Motion should be denied.

>Respectfully submitted,
>MATTHEW M. GRAVES
>United States Attorney
>DC Bar No. 481052

By: */s/ Brendan Ballou*
>Brendan Ballou
>Special Counsel
>DC Bar No. 241592
>
>Anna Krasinski
>NH Bar No. 276778
>Benet J. Kearney
>NY Bar No.4774048
>Assistant United States Attorneys
>
>United States Attorney's Office
>601 D Street NW
>Washington, DC 20530
>(202) 431-8493 / (603) 451-7851/ (212) 637 2260
>brendan.ballou-kelley@usdoj.gov
>
>anna.krasinski@usdoj.gov
>benet.kearney@usdoj.gov

## CERTIFICATION

      I, Brendan Ballou, certify that to serve the parties, their counsel, and standby counsel, that I am electronically filing this pleading with the Clerk of the Court using the CM/ECF system, and am separately mailing this filing to the defendant Joseph Daniel Hutchinson III.

/s/ Brendan Ballou
Brendan Ballou
DC Bar No. 241592
Special Counsel
United States Attorney's Office
601 D Street NW
Washington, DC 20001
(202) 431-8493
Brendan.Ballou-Kelley@usdoj.gov